AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Anthony D. Cannon and Tony L. Watkins | ) Case No. | H16-312 M |
| | ) | |
| *Defendant(s)* | ) | |

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

MAR -3 2016
David J. Bradley, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **March 2, 2016** in the county of **Harris** in the **Southern** District of **Texas**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18, USC, Section 922(g)(1) Felon in Possession of a Firearm | On March 1, 2016 in the Houston Division of the Southern District of Texas, Defendants Cannon and Watkins knowingly possessed multiple firearms manufactured by Smith & Wesson, Ruger, and Springfield Armory. Prior to the possession of the firearms, Cannon and Watkins had been convicted of a felony punishable by imprisonment for a term in excess of 1 year. The firearms traveled in interstate commerce prior to Defendants' possession. |

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Stephen Bridgmon, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-3-16

City and state: Houston, Texas

*Judge's signature*

Mary Milloy, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Stephen Bridgmon

1. Your affiant, Stephen Bridgmon, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been so employed since October 2009. In my capacity as an agent, I have received extensive training in the identification and manufacture of firearms and I am also familiar with the Gun Control Act.

2. It is a violation of Title 18, United States Code, Section 922(g)(1) for any person who has been convicted of a crime punishable for a term exceeding one year to possess a firearm that has affected interstate commerce.

3. You affiant, being duly sworn, states the following to be true and correct to the best of his knowledge and belief based upon his personal observations and from information provided to him by knowledgeable law enforcement agents and officers who are involved in the investigation of Anthony CANNON and Tony WATKINS.

4. CANNON is further identified as: CANNON, ANTHONY D, FBI # 127924HD4, State Id # TXxxxx7135, SSN # xxxxx0262, TX DL # xxxx3346 (TX), Black Male, 5'8" 150 lbs., DOB xx/xx/1995.

5. WATKINS is further identified as WATKINS, TONY L, FBI # 921726ED1, State Id # TXxxxx1128, SSN# xxxxx7529, Black, Male, 5'8", 150 lbs., DOB xx/xx/1992

6. On March 1, 2016, your affiant received information that Carter's Country firearms had been burglarized. Carter's Country is located at 11886 Wilcrest, Houston Texas 77031. Since Carter's Country is a federal firearm licensee, this affiant started an investigation into the burglary. Surveillance video from Carter's Country was obtained and viewed. At approximately 4:30 a.m. on March 1, 2016, a truck backed up to the front doors of Carter's Country. Unknown persons wrapped a chain around the doors and pulled the doors off of the building. Approximately eleven (11) suspects ran inside, breaking the glass cabinets. The suspects stole several firearms from the store. The suspects then left the area. Carter's Country completed a theft\loss report as per the rules of the licensee. It was learned that approximately eighty-four (84) firearms were stolen in the burglary. The theft/loss report provided a detailed description, including serial numbers, of each stolen firearm.

7. On this same date your affiant received information that Anthony CANNON had several firearms for sale. Agents were able to identify an apartment located at 5901 Selinsky Road, apartment #46, Houston, Harris County, Texas 77048. The apartment is leased to Jordarian Stevens, who is believed to be CANNON's girlfriend. Agents conducted surveillance on this location and observed several people in and around this apartment, including both CANNON and WATKINS.

8. Agents then sent a Confidential Informant (CI) to the residence to purchase some firearms from CANNON. The CI drove to the address and walked into apartment

#46. Tony WATKINS was observed outside the residence by the CI. While inside the apartment, the CI spoke to CANNON. CANNON and the CI negotiated prices for the sale of four firearms. The CI then paid CANNON $900.00 in U.S. currency. This currency was Texas Department of Public Safety (DPS) imprest funds. This money was photocopied prior to being given to the CI. The firearms were loaded into the CI's vehicle and the CI left the area.

9. The CI returned to a pre-determined area and met with agents. Agents then took possession of the four firearms. Agents were able to identify these four firearms as firearms stolen from Carter's Country store by the serial numbers on the firearms and the theft/loss report. The CI stated that while he was inside apartment #46, he/she observed numerous Carter's Country price tags scattered on the floor, and he/she also observed approximately 30 firearms, many of which still had Carter's Country price tags attached. The CI stated that he/she negotiated with CANNON and paid CANNON for the firearms.

10. While conducting surveillance of the apartment where the firearms sale occurred, agents were able to observe a male (later identified as WATKINS) carry a long rifle to the truck parked outside the apartment. Agents then observed a male (later identified as William Steen) carry a bag and a long rifle to the truck parked outside the apartment. These firearms were loaded into a pickup truck. HPD conducted a traffic stop on this vehicle. The driver was identified as William Steen. Steen gave permission for the officer to search the truck. Officers then search the vehicle and found thirteen (13) firearms, some of which had the Carter's Country tags still attached. The serial numbers from the thirteen (13) firearms matched the serial numbers previously disclosed in the Carter's Country theft/loss report. Also inside the vehicle was Tony WATKINS. Both of these subjects were arrested and taken to HPD jail for booking.

11. Steen was then mirandized and gave the following statement. Steen stated that he had received a text about some firearms for sale. Steen drove to the area of 5901 Selinsky Road, apartment #46. Once there Steen picked out two firearms he wanted to purchase. Steen carried out a bag with some firearms inside and placed the bag in his truck. Steen went back inside and brought out a rifle and placed it into the truck as well. WATKINS then carried out two rifles and placed them in the truck. WATKINS and Steen then left the area. Steen stated that he was to drive WATKINS to his (Steen's) house, and pay WATKINS $900.00 for two firearms. One was a 30-06 hunting rifle and the other was a .22 caliber AR style rifle. Steen was then supposed to drive WATKINS and the rest of the firearms to the area of Hiram Clarke in South West Houston. Steen then stated the HPD then pulled him over on a traffic stop.

12. Agents then applied for a State search warrant. While waiting on the Search Warrant, CANNON left the area in a red vehicle. This vehicle was stopped by HPD for traffic violations. CANNON was arrested on traffic violations and booked into HPD jail. During an inventory of his property, it was discovered that CANNON had

approximately $5000.00 in U.S. Currency. Agents were able to look at the currency and located the serialized money that was given to the CI to purchase the firearms from CANNON. CANNON had all nine (9) one hundred dollar bills that was DPS imprest funds.

13. On March 1, your affiant along with DPS, FBI, and HPD served a State search warrant at 5901 Selinsky Road apartment #46. Your affiant recovered approximately thirty-two (32) firearms stolen from Carter's Country. The firearms matched the serial numbers found in the theft/lost report previously submitted by Carter's Country. Also seized from this location were approximately forty-one (41) Carter's Country tags. Agents also seized several black socks believed to be used as gloves during the burglary.

14. Your affiant is trained in the interstate movement of firearms and knows that the firearms possessed by Anthony CANNON and Tony WATKINS were manufactured at various locations outside of the State of Texas and therefore have affected interstate or foreign commerce to arrive in the State of Texas. For example, some of these firearms were manufactured by Smith & Wesson, Ruger, and Springfield Armory who manufacture their firearms in Massachusetts, Arizona and Croatia, respectively.

15. WATKINS is a convicted felon who is prohibited from possessing firearms. On March 22, 2011, WATKINS was convicted of a state jail felony in the 182nd District Court, Harris County, Texas in cause no. 1257106. On July 16, 2012, WATKINS was convicted of burglary of a habitation in the 262nd District Court, Harris County, Texas in cause no. 1343607. On January 8, 2015. WATKINS was convicted of burglary of a building in the 23rd District Court of Brazoria County, Texas in cause no. 74689. The maximum penalty associated with each of these felony convictions is more than one year. V.T.C.A. Penal Code §12.32, §12.33, §12.35, and §30.02.

16. CANNON is a convicted felon who is prohibited from possessing firearms. On January 8, 2015, CANNON was convicted of burglary of a building and unauthorized use of a motor vehicle in the 23rd District Court of Brazoria County, Texas in cause no. 74689. The maximum penalty associated with each of these felony convictions is more than one year. V.T.C.A. Penal Code §12.32, §12.33, §12.35, §30.02 and §31.07.

17. Based on the foregoing, your affiant believes that Anthony CANNON and Tony WATKINS were in possession of firearms that have moved in or affected interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1). This violation occurred within Harris County, in the Southern District of Texas.

*Stephen Bridgmon*, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to in my presence, this 3rd day of March 2016, and I find probable cause.

Mary Milloy
United States Magistrate Judge